1

2

3                    UNITED STATES DISTRICT COURT

4              EASTERN DISTRICT OF WASHINGTON

5    BRIAN ELLSWORTH,

6          Plaintiff,                         NO. CV-08-256-JLQ

7    vs.

8                                             **ORDER ON PENDING MOTIONS
                                              AND REMANDING CASE**
9    MARGARET ANDERSON, et al.,

10         Defendants.

11

12   ROBERT and PATRICIA DUPREE, et al.,

13         Plaintiffs,

14   vs.

15

16   MARGARET ANDERSON, et al.,

17         Defendants.

18       **BEFORE THE COURT** are several pending motions;  Defendant FDIC's Motion

19   to Change Venue to the District of Minnesota (Ct. Rec. 3); Defendant FDIC's Motion

20   to Dismiss Counterclaim of Jo Bursey (Ct. Rec. 43); and the Plaintiff's Motion to Dismiss

21   Claims Against FDIC/First Integrity (Ct. Rec. 60) with a corresponding Motion to

22   Expedite (Ct. Rec. 63).  Oral argument on the various Motions has been heard on several

23   occasions, both in person and telephonically.

24   *A.  Motion to Dismiss Counterclaim of Jo Bursey*

25       The Motion to Dismiss Counterclaim of Jo Bursey is **GRANTED** without

26   prejudice.  The law clearly establishes that any claim to assets taken into receivership by

27   the FDIC must first exhaust the administrative claims process, even if the claim was the

28   subject of pending litigation prior to receivership.  See *RTC v. Midwest Federal Sav.*

ORDER - 1

*Bank of Minot*, 36 F.3d 785, 791 (9th Cir. 1993); *Marquis v. FDIC*, 965 F.2d 1148, 1151-52 (1st Cir. 1992)("We think that FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.");  *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir.1991); *RTC v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir.1991). It is undisputed that Ms. Bursey failed to avail herself of the FDIC claims process, despite her notice thereof.

However, as Ms. Bursey herself admits, she has no claim against the bank or the FDIC unless and until a judgment is entered against her (Ct. Rec. 67, 2:54-7).  A finder of fact must determine her liability to the Plaintiffs or lack thereof, a determination that has yet to be made.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

Courts have held that claims that arise post-receivership are still subject to FIRREA's exhaustion requirements; accordingly, the FDIC cannot refuse to hear such claims, thereby universally blocking contestation.

> Under the statutory interpretation implicit in its internal manual procedures, FDIC construes the pivotal statutory bar-date exception in subsection 1821(d)(5)(C)(ii)-"the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the bar] date"-*as permitting late filing even by claimants who were on notice of FDIC's appointment but could not file their claim because it did not come into existence until after the bar date prescribed in subsections 1821(d)(3)(B)(i) and 1821(d)(5)(C)(i).  Heno v. FDIC*, 20 F.3d 1204, 1209 (1st Cir. 1994)(emphasis added).

> As those courts requiring exhaustion for post-receivership claims have pointed out, the FDIC has interpreted § 1821(d)(5)(C)(ii), which permits claimants who did not receive notice of the receiver's appointment to file after the bar date imposed by FIRREA has passed, also to permit late filing by those whose claims do not arise until after the deadline has passed. See, e.g., *Heno v. FDIC*, 20 F.3d 1204, 1209 (1st Cir. 1994).  *McCarthy v. FDIC*, 348 F.3d 1075, 1080-81 (9th Cir. 2003).

As the courts in *McCarthy* and *Heno* rightly ascertained, the FDIC cannot have it's cake and eat it too; a claimant cannot be barred from the courts for failure to exhaust, while at the same time being barred from exhausting due to the claim's ripening after the

passing of the statutory cut-off date for the filing of claims.  Though her claim has not ripened, *McCarthy* and *Heno* allow Ms. Bursey the option of filing an administrative claim with the FDIC if a judgment is entered against her that she then claims can be attributed to the FDIC.

*B.  Motion to Dismiss Plaintiffs' Claims Against FDIC/First Integrity*

The Plaintiffs' Motion to Dismiss Plaintiff's Claims Against FDIC/First Integrity is **GRANTED** pursuant to Fed. R. Civ. P. 41(a)(2).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir. 1987).

Though not filed in direct opposition to this Motion to Dismiss, Ms. Bursey's filings, liberally construed in light of her *pro se* status, argue that she will suffer legal prejudice if the FDIC is dismissed from the case.  "[P]lain legal prejudice does not result merely because the Defendant will be inconvenienced by having to defend in another forum..."  *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

A dismissal of the FDIC in this action will not take away any of Ms. Bursey's legal rights, it will merely change the forum.  First Integrity/FDIC does not need to be a party to the action in order for Ms. Bursey to assert that she is not personally liable, or that liability for her actions lies elsewhere.  If Ms. Bursey is found liable, a fact that cannot be known at this time, and she believes First Integrity/FDIC owes her indemnification based on their alleged direction of her actions, she may file a post-receivership administrative claim, as *McCarthy* and *Heno* dictate.

*C.  Motion to Change Venue to the District of Minnesota*

Defendant FDIC's Motion to Change Venue to the District of Minnesota is **DENIED AS MOOT** in light of the court's granting of the Plaintiffs' Motion for Voluntary Dismissal of all claims against the FDIC.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant FDIC's Motion to Dismiss Counterclaim of Jo Bursey (Ct. Rec. 43)

is **GRANTED** without prejudice.

2.  The Plaintiffs' Motion to Dismiss Plaintiff's Claims Against FDIC/First Integrity (Ct. Rec. 60) and corresponding Motion to Expedite (Ct. Rec. 63) are **GRANTED**.  The claims asserted by the Plaintiffs in the Complaint against Defendant FDIC are **DISMISSED** without prejudice or costs.

3.  Defendant FDIC's Motion to Change Venue to the District of Minnesota (Ct. Rec. 3) is **DENIED AS MOOT**.

4.  Based on the dismissal of the FDIC, the Plaintiffs' remaining claims are hereby **REMANDED** to Spokane County Superior Court, as this matter was removed from that court based solely on the entry of the FDIC into the case.

The Clerk is hereby directed to enter this Order, enter judgment of dismissal as provided herein, close the case file, and furnish copies to the parties and Ms. Bursey and the Clerk of the Spokane County Superior Court.

DATED this 20th day of March, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE